## DARIUS NEIL *v.* THE STATE.

CRIMINAL LAW. *Judge by consent.* A verdict and judgment rendered against a defendant, on the trial of a criminal cause before a Special Judge selected from the members of the bar "by consent of the parties," the regular Judge being incompetent, are void, and the cause will be remanded for a trial *de novo.*

### FROM CLAIBORNE.

Appeal in error from the Circuit Court of Claiborne county. THEO. ROGAN, Sp. J.

———— ———— for Neil.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

This is an appeal in error from a verdict and judg-

Neil *v.* The State.

ment against the appellant, for unlawfully carrying certain weapons. The record of conviction shows that the Circuit Judge was incompetent to try the cause; whereupon, Theo. Rogan, a practicing attorney of the court and otherwise qualified by law to preside, was, by consent of parties, sworn as required by law to try the case, and presided as Special Judge on the trial.

This was clear error. The criminal laws of the State can only be executed by the tribunals and judicial officers of the State constitutionally and legally vested with the necessary authority. A person charged with crime, ought neither to be required nor permitted to select a judge to try his case. And even if the Legislature might constitutionally authorize a departure from the rule, there is no statute sanctioning the proceeding. The Code, sec. 3921, limits the right of the parties to select a judge by consent to civil cases. The proceedings, as this court has heretofore held in a felony case, are void, and the defendant never having been in jeopardy, the case must be remanded for trial. *Glasgow* v. *State,* 1 Leg. Rep., 365.