LOW *v*. STATE.

(*Knoxville.*   September Term, 1903.)

1. **SPECIAL JUDGES.** Authority and jurisdiction of, limited to term at which elected.

Under our statute providing for the election of a special judge "for the occasion" when the "regular judge fail to attend, or, if in attendance, can not properly preside in a cause or causes pending . . . , or is unable to hold the court," the authority and jurisdiction of a special judge, elected by the attorneys present, as provided by said statute, expire with the adjournment of the term of court which he is elected, and a conviction of crime at a trial held before him at a subsequent term is void.   (*Post, pp.* 84-89.)

Acts cited and construed:   Acts of 1870, ch. 78.

Code cited and construed:   (S.) 5730, 5731, 5732;   (M. & V.) 4695, 4696, 4697.

2. **SAME.** Same. No authority to preside in criminal cases at subsequent term, even by consent.

It is well settled in this State that a person charged with crime can not be tried by other than a judge constitutionally elected and qualified, *even by consent.*   A person charged with crime ought never to be required, nor permitted to select a judge to try his case, and even if the legislature might constitutionally authorize a departure from the rule, there is no statute sanctioning the proceedings—the statute authorizing parties to elect a judge by consent limits the right to civil cases.   (*Post, pp.* 88-89.)

Code cited and construed:   (S.) 3921;   (M. & V.) 3029.

Case cited and approved:   Neil v. State, 2 Lea, 674.
    111 Tenn—6

Low v. State.

3. **SAME.** Election of, insufficient authentication.

Where no record is made of the election of a special judge upon the minutes of the term at which he is elected, neither a *nunc pro tunc* order entered at a subsequent term by a special judge elected to try a particular case reciting the election at a previous term, nor the fact that the regular judge signed the final adjourning order of the term at which such *nunc pro tunc* order was entered, is a sufficient authentication of the election of a special judge at a prior term. (*Post, p.* 89.)

4. **SAME.** Power to hold election for, vested in clerk, who should make record of same.

Power to hold the election for a special judge "for the occasion," declare the result, and administer the oath of office is vested in the clerk, and must be exercised by him alone, whose duty it is, both under the statute construed above, and that requiring him to keep a record of the proceedings of the court, to make a record of the election at the time it is held, and authenticate such election by his official signature. (*Post, pp.* 89-90.)

5. **SAME.** Requisites of order of election of special judge to hold a term of court.

An order showing the election of a special judge to hold court on account of the absence of the regular judge should be entered upon the minutes as a part of the caption of the proceedings of the term, and should show failure of the regular judge to attend, or his inability to attend the court; that an election was held by the clerk at which the person selected to preside was duly elected by a majority of the attorneys of the court then present and residents of the State; that such person was also in attendance, a resident of the State and possessed of all the qualifications of a judge of such court, and that before entering upon his duties the oaths of office required of both regular and special judges—which should be copied in full upon the record and signed by the special judge—were duly administered to him. (*Post, p.* 90.)

Low v. State.

6. **SAME.** Requisites of order of election of special judge to try particular case or cases.

Where the election of a special judge is to try a certain case or cases, the entry should be made under the style of the case or cases to be tried and show, in addition to the facts stated in the last headnote, the disqualification of the regular judge, and that the attorneys interested took no part in the election. (*Post,* p. 90.)

7. **SAME.** Record of election of, should be verified by clerk.

The record of the election and qualification of a special judge should be verified by the official signature of the clerk, and will constitute a part of the record of the case.  (*Post,* p. 91.)

8. **SAME.** Duty of, to see that proper entry of election is made.

While he has no control over his election, and is not authorized to authenticate the record of same, it is the duty of a special judge to see that a proper record is made by the clerk before he signs the decree or judgment made by him.  (*Post,* p. 91.)

9. **SAME.** Authority of, in criminal cases must appear.

The authority of the judge to preside must appear in all criminal cases, and should not be left to presumption or inference in any case.  (*Post,* p. 91.)

---

FROM ANDERSON.

---

Appeal in error from Circuit Court of Anderson County.—JOHN P. ROGERS, Special Judge.

C. J. SAWYER, XEN Z. HICKS and YOUNG & YOUNG, for Low.

ATTORNEY-GENERAL CATES and J. A. FOWLER, for State.

Low v. State.

MR. JUSTICE SHIELDS delivered the opinion of the court.

Finly Low, the plaintiff in error, was indicted in the circuit court of Anderson county for the homicide of Miller McGee, and was there tried and found guilty of voluntary manslaughter, and his punishment fixed at five years' confinement in the penitentiary of the State. A new trial was refused, and from the judgment upon the verdict of the jury he has prosecuted an appeal in the nature of a writ of error to this court and assigns error.

Hon. G. McHenderson, judge of the second judicial circuit, of which Anderson county is a part, was district attorney for that circuit when the indictment was preferred, and disqualified from presiding upon the trial of the case, necessitating the election of a special judge for that purpose. It is claimed for the State that John P. Rogers, Esq., one of the attorneys of that court, was elected at the March term, 1903, of the court, by the other attorneys then present, at an election held by the clerk under the authority vested in him by chapter 78, p. 125, of the Acts of 1870, to try the case; but no record was then made of such election upon the minutes of the court or elsewhere, other than a recital in an entry made March 19, 1903, continuing the case, to the effect that John P. Rogers, special judge, presided, which entry was signed by him as special judge.

The case was tried at the next regular term of court,

when the conviction was had of which the plaintiff in error now complains.

The general caption of that term shows that Judge Henderson was present and presiding, but all the entries made in this case recite that John P. Rogers, special judge, presided.

After this case was disposed of, Judge Henderson being necessarily absent, X. Z. Hicks, Esq., one of the attorneys of the court was elected to preside upon the trial of the case of the State against Will Smith, and upon the minutes of the court made while he was presiding there appears an entry under the style of this case purporting to be a *nunc pro tunc* record of the election of John P. Rogers, Esq., special judge at the previous March term.

The record also discloses that at a subsequent day Judge Henderson appeared, took charge of, and concluded the business for that term.

The contention of plaintiff in error is that the authority and jurisdiction of John P. Rogers, Esq., as special judge to try his case under the election held by the clerk at the March term, 1903, of the court, expired with the adjournment of that term; that he had no power or authority at a subsequent term to preside as judge, and that all proceedings had and the judgment entered while he was then presiding are null and void; and, further, if mistaken in this, there is no competent or sufficient evidence that he was at any time elected special judge to try the case.

The statute under which it is claimed Special Judge Rogers was elected, as carried into Shannon's edition of the Code, sections 5730-5732, inclusive, is as followe:

"Sec. 5730: When from any cause, the judge of any court of record in this State except the supreme court, fails to attend, or, if in attendance, cannot properly preside in a cause or causes pending in such court, or is unable to hold the court, a majority of the attorneys of the court who are present and are residents of the State, shall elect one of its [their] number in attendance to hold the court for the occasion, who shall have all the qualifications of a judge of such court, and who shall accordingly preside and adjudicate.

"(1) The election shall be held by the clerk, and in case of a tie, he shall give the casting vote.

"(2) The person elected shall, during the period that he acts, have all the powers, and be liable to all the responsibilities, of a regular judge.

"(3) If the person elected to act as judge *pro tempore*, fails or refuses to act, or cannot properly preside, another election shall be held in like manner, from time to time, until a suitable person is chosen who can and will preside.

"Sec. 5731: Every special judge, before entering on the duties of his appointment, shall take an oath before the clerk of the court to support the constitution of the United States and of the State of Tennessee, and also the following oath of office: 'I, A. B., solemnly swear that I will administer justice without respect to per-

Low v. State.

sons, and do equal rights to the poor and the rich, and that I will faithfully and impartially discharge all the duties incumbent upon me as a judge, according to the best of my ability.'

"Sec. 5732: In the election of a special judge to try a particular case, the counsel concerned in the case shall not vote."

This statute is authorized by section 11, art. 6, of the constitution, and a judge elected thereunder has all the powers of a regular judge during the time for which he is elected. *Ligan* v. *State,* 3 Heisk., 159; *Halliburton* v. *Brooks,* 7 Baxt., 319; *Hundhausen* v. *Insurance Co.,* 5 Heisk., 703; *Brewer* v. *State,* 6 Lea, 199.

There is no express provision in this statute providing when the authority of the special judge elected thereunder shall expire, but the election by the terms of section 5730 is for "the occasion," which clearly means for the term of court at which the election is held; and consequently the authority and jurisdiction of a special judge so elected expires with the adjournment of that term of the court.

This is obviously the proper construction of this statute.

It is intended for emergencies where the delay incident to procuring the presence of a chancellor or judge from another division or circuit or a special judge appointed and commissioned by the governor, would be inconvenient and prejudicial to the rights of the parties. The mode of the election is widely different from that in

which regular judges are elected. The electors are confined to a limited number of persons, and the judge acts without commission, and it should be strictly construed, and its application limited to cases calling for its enactment.

That the general assembly clearly did not intend to authorize the attorneys of the court to elect one of their number to hold the office of special judge for a longer time than the particular term at which he was elected, and which was required by the then existing emergency, is also evident from the enactment at the very next session of the legislature of a statute authorizing the governor to appoint and commission a person learned in the law and constitutionally qualified to discharge the duties of the office of judge or chancellor to hold a court or try any case or cases therein pending when the judge or chancellor shall certify to him that he is incompetent to do so, which appointment will continue in force until those cases are finally determined. Acts 1871, p. 140, c. 128; Shannon's Code, section 5734.

And it is well settled in this State that a person charged with crime cannot be tried by other than a judge constitutionally elected and qualified, even by his consent.

In the case of *Neil* v. *State*, 2 Lea, 674, where the special judge presided by consent, it is said:

"This was clear error. The criminal laws of the State can only be executed by the tribunals and judicial officers of the State constitutionally and legally vested with

the necessary authority.   A person charged with crime ought neither to be required nor permitted to select a judge to try his case.   And, even if the legislature might constitutionally authorize a departure from the rule, there is no statute sanctioning the proceedings. The Code, section 3921, limits the right of the parties to elect a judge by consent to civil cases.   The proceedings, as this court has heretofore held in a felony case, are void, and, the defendant never having been in jeopardy, the case must be remanded for trial."

It results therefore that John P. Rogers, Esq., when he presided upon the trial of this case, had no authority to do so, and that the trial and judgment of conviction of plaintiff in error was without authority of law, null and void, and must be wholly disregarded.

The record of the election of Special Judge Rogers at the March term of the court and its authentication are also very irregular and unsatisfactory.

The authentication of the *nunc pro tunc* order appearing upon the minutes of the court at the next term while Special Judge Hicks was presiding is insufficient.   He was elected to try the case of the State against Smith, and is not presumed to have had any knowledge of the facts recited in the order, and had no authority to make an order in this case.   His certificate is valueless.   The fact that Judge Henderson signed the final adjourning order of the term is also insufficient to authenticate it. He was equally without authority in the matter.

The power to hold the election, declare the result, and

administer the oath of office is vested in the clerk, and must be exercised by him, and by him alone. It is also his duty, both under this statute and that requiring him to keep a record of the proceedings of the court, to make a record of the election at the time it is held, and authénticate such record by his official signature.

Where the election is of a special judge to hold the court on account of the absence of the regular judge, the order should be entered upon the minutes as a part of the caption of the proceedings of that term, and it should recite and show the failure of the regular judge to attend, or his inability to hold the court; that an election was held by the clerk, at which the person selected to preside was duly elected by a majority of the attorneys of the court then present and residents of the State; that such person was also in attendance, a resident of the State, and possessed of all the qualifications of a judge of such court; and that before entering upon his duties the oaths of office, that against dueling (Shannon's Code, section 1073), and those prescribed for special judges (section 5731, above cited)—which should be copied in full upon the record and signed by the special judge—were duly administered to him.

Where the election of a special judge is to try a certain case or cases, the entry should be made under the style of the case to be tried, and should show, in addition to the facts above stated, the disqualification of the regular judge to try the case, and that the attorneys therein interested took no part in the election.

Low v. State.

This record of the election and qualification of a special judge should be verified by the official signature of the clerk, and will constitute a part of the record of the case. The *nunc pro tunc* order relied on is defective in many of these particulars, and is not so authenticated.

A special judge, while he has no control over his election, and is not authorized to authenticate the record of the same, should always be careful to see that a proper record is made by the clerk, for it is the authority upon which he has assumed to adjudicate upon the rights, property, liberty, and life, as the case may be, of others.

It is his duty to give this attention before he signs the decree or judgment made by him.

The authority of the judge to preside must appear in all criminal cases, and it should not be left to presumption in any case.

The reversal, however, of this case is rested upon the first question made.

The trial of the plaintiff in error and the judgment pronounced against him were without authority and warrant of law, and void, and the judgment will be set aside, and the case remanded to the circuit court of Anderson county, where plaintiff in error will be put upon his trial upon the charges in the indictment found against him, and tried in all things as if said proceedings had not been had.