## Shoog. Wilson *v*. The State.*

### (*Nashville*.  December Term, 1925.)

**JUDGES.** Disqualification of a judge cannot be waived by parties, in criminal case (Constitution, article 6, section 11; Thompson's Shannon's Code, section 5706).

Disqualification of a judge, who is incompetent to preside at trial, under Constitution, article 6, section 11, and Thompson's Shannon's Code, section 5706, because he had been of counsel in the cause, cannot be waived by the parties, in a criminal case.

Cases cited and approved: Mathis v. State, 50 Tenn., 127; Glasgow v. State, 68 Tenn., 485; Low v. State, 111 Tenn., 81.

Cases cited and distinguished: Neil v. State, 70 Tenn., 674; Radford Trust Co. v. Lumber Co., 92 Tenn., 126.

Code cited and construed: Sec. 5706 (T.-S.).

Constitution cited and construed: Art. 6, sec. 11.

---

*Statutory disqualification of judge, from having been counsel in the cause, see note in 25 L. R. A., 114.

*Headnote 1. Judges, 33 C. J., Section 196.

---

### FROM FENTRESS.

---

Appeal from the Circuit Court of Fentress County.— Hon. W. H. Buttram, Judge.

W. A. Garrett, for appellant.

W. H. Swiggart, Jr., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error has been convicted of involuntary manslaughter, and has appealed in error to this court.

He was indicted for murder in the first degree at the August, 1923, term of the circuit court of Fentress county. This indictment was signed by Hon. W. H. Buttram, at that time attorney-general for this district. Wilson was put to trial on August 28, 1923, prosecuted by attorney-general Buttram, and a mistrial resulted.

Thereafter Mr. Buttram resigned as attorney-general and was elected judge for this circuit. When Wilson's case was again called for trial, Judge BUTTRAM was presiding over the court. It appears that his disqualification was waived by the State and by the defendant, and Wilson again put to trial and convicted as aforesaid.

It is insisted that the disqualification of the trial judge herein, under the Constitution of Tennessee, could not be waived, and that the plaintiff in error is entitled to a new trial.

We think this contention must be sustained. Article 6, section 11, of the Constitution provides that—"No judge of the supreme or inferior courts shall preside on the trial of any cause . . . in which he may have been of counsel . . . except by consent of all the parties."

Section 3913 of the Code, Thompson's Shannon's Code, section 5706, contains a like provision.

An attorney-general who signs an indictment is "of counsel" in that case. *Mathis* v. *State,* 50 Tenn. (3

Heisk.), 127. In the case before us the attorney-general not only signed the indictment, but conducted the prosecution on the first trial.

While under the constitution and the statute, in a civil case, parties may waive the disqualification of an incompetent judge, it is against the policy of the law to permit a judge to be chosen by consent of parties in a criminal case. *Glasgow* v. *State,* 68 Tenn. (9 Baxt.), 485; *Neil* v. *State,* 70 Tenn. (2 Lea), 674.

In the latter case it is said: "The criminal laws of the State can only be executed by the tribunals and judicial officers of the State constitutionally and legally vested with the necessary authority. A person charged with crime ought neither be required nor permitted to select a judge to try his case." *Neil* v. *State,* supra.

The foregoing was expressly approved in *Radford Trust Co.* v. *Lumber Co.,* 21 S. W., 329, 92 Tenn., 126.

"And it is well settled in this State that a person charged with crime cannot be tried by other than a judge constitutionally elected and qualified." *Low* v. *State,* 78 S. W., 110, 111 Tenn., 81.

The trial judge herein was not "legally vested with the necessary authority," not "constitutionally qualified" to preside upon this trial of plaintiff in error. Under the decisions such authority and qualification cannot be conferred by consent in a criminal case.

Reversed and remanded for a new trial.