WILLIAM L. HAMILTON, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

403 S.W.2d 302.

(*Jackson*, April Term, 1966.)

Opinion filed May 5, 1966.

EDWARD G. THOMPSON, Assistant Public Defender, Memphis, for plaintiff in error.

318

GEORGE F. McCANLESS, Attorney General, WILLIAM H. LASSITER, JR., Assistant Attorney General, Nashville, PHIL CANALE, JR., District Attorney General, and LEONARD TERRY LAFFERTY, Assistant District Attorney General, Memphis, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the Court.

Defendant was convicted in the Criminal Court of Shelby County of robbery with a deadly weapon. The facts of the crime are not important for the purpose of our decision here. Suffice it to say, there is no argument made by defendant's counsel that the evidence preponderates against the verdict of the jury.

The crime was committed on Christmas Day, 1964, in the early morning hours. Defendant was arrested on January 8, 1965, under an arrest warrant that had been issued by Judge Arthur C. Faquin, Jr., sitting as a General Sessions Judge. An indictment was returned on January 22, 1965; the Public Defender of Shelby County was appointed to defend this man on January 25, 1965. He was tried and convicted on August 13, 1965, before Judge Faquin, now sitting in Division II of the Criminal Court of Shelby County.

■ The record in this case shows that Judge Faquin, before whom the case was tried, had signed the warrant for defendant's arrest, after an ex parte hearing. His signing was a judicial discretionary act; he, therefore, must have considered there was probable cause for accusing the defendant of this crime. Judge Faquin had issued the warrant in his capacity as General Sessions Judge. The District Attorney General states, in the record, that there was an oral agreement between the Public Defender and himself to have the case tried before Judge Faquin, in spite of the fact that Judge Faquin had signed the arrest warrant. The Public Defender states that he does not recall any such agreement, but he does not deny that it was made.

Article 6, Section 11, of the Tennessee Constitution provides:

No Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by affinity of consanguinity, within such degrees as may be prescribed by law, or in which he may have been of counsel, or *in which he may have presided in any inferior Court,* except by consent of all the parties. (Emphasis supplied).

T.C.A. sec. 17-201 is to the same effect.

The only case pertinent to our discussion here is *Wilson v. State,* 153 Tenn. 206, 281 S.W. 151 (1925). There it was held that where the Constitution, Article 6, Section 11, provides that no judge "shall preside on the trial of any cause * * * in which he may have been of counsel, * * * except by consent of all the parties," and a like provision is in the Code, the Attorney General who

signed the indictment and prosecuted in a previous trial of the same case is disqualified to sit as judge; "authority and qualification cannot be conferred by consent in a criminal case." The opinion cites cases which hold that it is against the policy of the law to permit a judge to be chosen by consent of parties in a criminal case.

While it is perhaps not without question that this case is controlled by the holding in *Wilson*, any doubt as to the competency of the trial judge—particularly where our Constitution speaks to the point—should be resolved in favor of the defendant. Also, even if consent to waive this constitutional right of defendant were permissible, defendant was represented in this "consent" by the Public Defender, a State agent. We are not prepared to say that by consenting to have a judge who also issued the arrest warrant try this case, this State agent denied defendant due process under the Fourteenth Amendment. However, the timely correction of this error may serve to avoid time and expense of possible later applications for post-conviction remedy.

We do not dispute the State's conclusion that no prejudice to this defendant has appeared, but constitutional provisions are enforceable without a showing that a criminal defendant has been prejudiced when they are disregarded. *Dykes v. State,* 201 Tenn. 65, 296 S.W. 2d 861 (1956); *Hamblin v. State,* 126 Tenn. 394, 150 S.W. 89 (1912). Moreover, since the trial judge has the power to grant a new trial if he believes the evidence preponderates against the jury's verdict, or to arrest judgment upon error appearing on the face of the technical record, it cannot be said that the judge has "little, if anything, to do with the actual verdict of the jury," as the State

argues. We do not question in any way Judge Faquin's ability to view only the evidence presented at the trial and to do so impartially. Nevertheless, the possibility that prior knowledge of the facts could in some way influence a criminal judge generally, in exercising his discretion—for example, in whether or not to grant a new trial—is one of the reasons for which we think this constitutional provision exists. We, therefore, reverse and remand for a new trial not inconsistent with this opinion.

A habeas corpus appeal has also been filed in this case. In light of the disposition we make on the direct appeal of William Leon Hamilton, the petition for the writ of habeas corpus must be, and is, dismissed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.