STATE OF TENNESSEE ex rel. HARVEY B. ROBERTS,
Appellant,

*v.*

C. MURRAY HENDERSON, Warden, Tennessee State
Penitentiary, Appellee.

442 S.W.2d 629.

(*Jackson,* April Term, 1969.)

Opinion filed June 13, 1969.

JOE B. JONES, Memphis, for appellant.

GEORGE F. McCANLESS, Attorney General, and ROBERT H. ROBERTS, Assistant Attorney General, Nashville, for appellee.

CLYDE MASON, Assistant District Attorney General, Memphis, prosecuted the case in the trial court.

MR. JUSTICE HUMPHREYS delivered the opinion of the Court.

Petitioner Harvey B. Roberts executed a "Waiver of Trial and Request for Acceptance of Plea of Guilty" to the charge of robbery with a deadly weapon on September 23, 1965. The plea was recorded, a jury impanelled, a verdict rendered, and petitioner was sentenced to serve the statutory minimum sentence.

Roberts filed for a writ of habeas corpus on August 18, 1968, and an evidentiary hearing was held on October 27, 1968, resulting in dismissal of the petition. On appeal, the Court of Criminal Appeals reversed, sustaining the

writ of habeas corpus. We granted certiorari to review that decision.

Roberts' contention, upheld on appeal, is that the judgment in his case is void because the general sessions judge who issued his arrest warrant, after being elevated to the criminal court bench, accepted his plea of guilty. It is said this violated in parts pertinent, Article 6, sec. 11 of the Tennessee Constitution, here cited:

"Section 11. Incompetency of judges—Special judges. No Judge of the Supreme or Inferior Courts shall preside on the trial of any cause * * * in which he may have presided in any inferior Court, *except by consent of all the parties.* * * *" (Emphasis added.)

While the Court of Criminal Appeals acted in accord with *Wilson v. State,* 153 Tenn. 206, 281 S.W. 151 (1925), we have decided the Court's ruling in that case should be reviewed; a review, the inevitability of which was indicated by our opinion in *Hamilton v. State,* 218 Tenn. 317, 403 S.W.2d 302, where, although *Wilson* was recognized and cited, its infirmity was also recognized by the refusal of the Court to bottom its decision squarely thereon in spite of its being in point.

In *Wilson,* the district attorney-general who signed the indictment against Wilson and prosecuted him in the first trial, which resulted in a mistrial, having been elevated to the circuit court bench, presided as judge at Wilson's second trial. Reviewing the judgment of conviction this Court held on authority of *Glasgow v. State,* 68 Tenn. 485 and *Neil v. State,* 70 Tenn. 674, 675, that while under the Constitution and statute parties may waive the disqualification of an incompetent judge in a civil case, it is against the policy of the law to permit a

disqualified judge to preside in a criminal case even though the defendant has consented thereto.

In *Hamilton*, in spite of this broad statement, we were not content to rest our decision thereon, but in final analysis rested it on the fact that there was no clear evidence of waiver or consent, and on the possibility that under the record the waiver had been by state appointed counsel and so was state action, not the action of the defendant himself.

Turning to a consideration of the authority cited in *Wilson* for its broad statement that a defendant in a criminal trial cannot consent to a trial presided over by a judge who may be disqualified under the Constitution and statute, we find that *Glasgow v. State,* supra, *Neil v. State,* supra, and *Low v. State,* 111 Tenn. 81, 78 S.W. 110, which are the basis for the opinion, did not in fact deal with the question, and so could not have made any pronouncement thereon. In each of these cases the question was whether the trial could be presided over by a special judge who had not been elected as provided by statute. And, holding that such an election was indispensable to vest the judge with a judicial status, a status which could not be conferred by consent, the convictions were reversed.

The rulings in these cases are readily understandable, and no fault can be found therewith. Those who attempted to act as judges were in point of fact and under the Constitution and statute simply unauthorized in any manner to assume that role. And there being nothing in the statute with respect to special judges or in the Constitution which would allow an unauthorized person to act as a judge, the result was inevitable. But that was not the case in *Wilson,* nor is it the case here. In *Wilson*

there was a constitutionally commissioned judge. He was not an interloper. Nor, was he presiding over the court without semblance of authority so to do as in *Glasgow, Neil* and *Low*. So, we must look elsewhere for any justification for the holding that it is against the public policy of the law to allow a defendant to waive a constitutional disqualification in a criminal case. And, the only place we can look for an answer to this question is to the Constitution itself and to the statute enacted pursuant thereto. And in both the Constitution and the statute it is clearly and plainly declared to be the constitutional policy of the state, and the statutory law of the state, that a defendant has the right to waive the disqualificaion of the regular judge and to consent to his presiding at the trial. This is made most manifest by the unambiguous and clear provision in the Constitution that the incompetency of the judge can be waived by the consent of the parties. Article 6, sec. 11. And as is to be expected, the statute, T.C.A. sec. 17-201 follows the Constitution in this regard and in clear terms permits parties by their consent to waive the grounds of incompetency set forth in the statute.[1]

■ And, since the Constitution and the statute are the sources of a disqualification in both criminal and civil cases, the right to waive the disqualification exists in either case.

---

[1] "T.C.A. 17-201. *Grounds of incompetency.*—No judge or chancellor shall be competent, except by consent of all parties, to sit in the following cases:

(1) Where he is interested in the event of any cause.

(2) Or connected with either party, by affinity or consanguinity, within the sixth degree, computing by the civil law.

(3) Or has been of counsel in the cause.

(4) Or has presided on the trial in an inferior court.

(5) Or, in criminal cases for felony, where the person upon whom, or upon whose property, the felony has been committed, is connected, is connected with him by affinity or consanguinity within the sixth degree, computing by the civil law."

In *Prescott v. Duncan,* 126 Tenn. 106, 148 S.W. 299, we said that the object of construction of a written constitution is to give effect to the intent of the people in adoping it, but this intent is to be found in the instrument itself; and it is to be presumed, unless an examination of the instrument demonstrates otherwise, that language has been employed with sufficient precision to convey the meaning intended; and the ascertained intent must be enforced.

Again, in *State ex rel. Gouge v. Burrow,* 119 Tenn. 376, 104 S.W. 526, we said that constitutional provisions are presumptively mandatory, and no provision shall be construed otherwise, unless the intention that it shall be so construed unmistakably and conclusively appears upon its face.

█ Since it is the settled rule, accepted by all, that no tribunal, general or special, legislative, judicial, or ministerial, may act in violation of the Constitution, and that it is supreme and paramount, and to its mandates all must yield obedience (*Bouldin v. Lockhart,* 69 Tenn. 195; *Keith v. Funding Board,* 127 Tenn. 441, 155 S.W. 142), this Court does not have the right to declare a policy or rule contrary thereto.

To put it simply, the Constitution makes the policy with respect to what the law shall be, and in this case it clearly authorizes parties to waive a disqualification.

The conclusion is by no means one-sided, against the defendant. It is not inconceivable that a defendant, knowing the trial judge to be a fair-minded, impartial officer, would rather that he preside over his trial than someone else about whose character and qualifications he knows nothing. And, if we were to adhere to the rule

in *Wilson* we would have to deny the defendant this right even though he clearly is entitled to it under our Constitution.

In final analysis it is best that the plain and clear mandate of the Constitution, that parties shall have the right to waive the disqualification of their judge, and consent to his presiding at their trial, shall prevail.

█ In view of what we have said we necessarily overrule *Wilson v. State,* supra.

The voluntary plea of guilty constituting a waiver of disqualification and a consent for the regular judge to preside, we reverse the ruling of the Court of Criminal Appeals in this particular regard and affirm the judgment of the trial court.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.