Charles R. RUSSELL, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Aug. 8, 1977.

Certiorari Denied by Supreme Court
Oct. 3, 1977.

Larry B. Nolen, Athens, for appellant.

Brooks McLemore, Jr., Atty. Gen., Linda Ross Butts, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellee.

DAUGHTREY, Judge.

## OPINION

The defendant-appellant, Charles R. Russell, was convicted of possessing a controlled substance with intent to sell, and sentenced to three to six years in the penitentiary. The trial court denied the defendant's motion to have the sentence suspended and to be placed on probation. We affirm the conviction but reverse the decision as to the denial of probation and remand the case for further proceedings on the motion for a suspended sentence.

The defendant and a companion were arrested for public drunkenness late one night in an isolated area of Athens, Tennessee. The police came upon the defendant in a phone booth and discerned from his demeanor and from the odor of alcohol on his breath that he was intoxicated. According to the arresting officers, the defendant attempted to flee when arrested, but went only a few yards before heeding their order to halt. Upon recapture, the officers searched the defendant and found two plastic baggies, one in each sock. One of the bags contained 2.8 grams of marijuana, the other 25.8 grams (or about 50 dosages) of phencyclidine (PCP), a Schedule III drug under the Tennessee Drug Control Act, T.C.A. § 52–1404 et seq. The defendant, testifying in his own behalf, attempted to explain the possession by saying that he had found the bag of PCP in the phone booth, did not know the nature of its contents, and put it in his sock because he had no pockets in either his shirt or trousers. He offered no explanation for the bag of marijuana in his other sock. From this evidence the jury was justified in finding the defendant guilty of possession with intent to sell, and the proof does not preponderate against the verdict, as it must if we are to reverse the conviction. *McBee v. State*, 213 Tenn. 15, 372 S.W.2d 173 (1963).

The defendant was indicted only for the possession of the PCP, and not the 2.8 grams of marijuana. The trial court permitted the prosecution to introduce evidence of the marijuana possession, over defense objection. This proof was properly admitted. The fact that the defendant possessed two similar packets, containing two different drugs, one in each sock, was relevant to the determination which the jury had to make concerning the defendant's intent, his guilty knowledge, and his credibility as a witness. We therefore overrule this assignment of error.

Together with his motion for a new trial, the defendant filed a motion for sus-

pended sentence. While the usual procedure is to file a *petition* for probation, T.C.A. § 40–2901 requires only "application duly made." In this case, since a hearing was held and the defendant permitted to put on proof in his behalf, we will consider the motion for suspended sentence as an "application duly made" for probation.

The record does not include a probation report, nor indicate that one was ordered. The proof presented by the defendant and not contested by the State shows that this was the defendant's first offense, that he is married and the father of a young child, and that he was gainfully employed. The trial court overruled the motion and refused to suspend the sentence, saying in part:

> With maybe one or two exceptions I have never interfered where a jury set the punishment. I have never felt like I had the right to unless clearly there was an injustice being done.

But the legislature has specifically given the trial court the right to grant probation. T.C.A. § 40–2901 provides that trial judges in criminal cases "are authorized and empowered to suspend the execution of sentence and place the defendant or defendants on probation. . . ." Therefore, the fact that the jury has set a sentence upon conviction, so long as the sentence does not exceed the limits of eligibility for probation under the statute, is not sufficient justification per se for denial of probation.

The only other stated reason for the court's ruling was that the defendant was thought by local law enforcement agents to be involved in drug trafficking, "because [the officers] say that Duke is" so involved, Duke being the defendant's brother. However, there was no probation investigation and no resulting report, and no proof offered at the hearing. Thus, there is no evidence in the record to show that the defendant had committed any offense other than the one for which he was convicted. Indeed, the trial judge conceded that he did not *know* whether the information which had come to him (apparently *ex parte* from the prosecutor's office) was correct, saying

". . . whether it is true or not, whether it is imaginative or whether it is true, I don't know." We think that when the hearing judge has reason to think that there is relevant information concerning the defendant's suitability for probation, certainly the better practice is to order an investigation into the facts, prior to the court's probation determination.

The issue of the discretion of the trial court in granting or denying probation has been the subject of much recent litigation. From these cases, a procedure has been developed for dealing with this question. To begin with, the trial court should order a probation report concerning the "circumstances of the offense, criminal record, social history, and present condition of the defendant." T.C.A. § 40–2904. While the contents of the report are not necessarily available to the defendant, the report should be forwarded, under seal, to the appellate court for review. *Stiller v. State,* 516 S.W.2d 617 (Tenn.1974). The State's role should be more than "detached neutrality," *i. e.,* the State has an obligation to support the cause of a meritorious petitioner. *Franks v. State,* 543 S.W.2d 613 (Tenn. Cr.App.1976); *Stiller v. State, supra.* If the application is denied, the trial court is obligated to set out fully the reasons motivating that denial, so that the appellate court can adequately review this discretionary determination. *Mattino v. State,* 539 S.W.2d 824 (Tenn.Cr.App.1976).

The record before us is devoid of any justifiable cause for denying the defendant's application for suspended sentence. We order the case remanded for a new hearing on this issue, and a new determination of the merits of the motion, in accordance with the procedure outlined above.

GALBREATH, J., concurs.

SAM LEWIS, Special Judge, concurs in result.