Herschel HAWKINS and Thomas
Woods, Petitioners,

v.

STATE of Tennessee, Respondent.

Supreme Court of Tennessee.

Sept. 13, 1979.

OPINION AND ORDER ON PETITION
FOR COMMON–LAW WRIT OF
CERTIORARI

HARBISON, Justice.

A petition for the common-law writ of certiorari was presented to a member of the Court and subsequently oral argument was heard by the entire court. The single issue which we consider to be properly before us is whether Article 6, § 11 of the Tennessee Constitution requires a trial judge to recuse himself from hearing a motion to suppress a search warrant which he has previously issued.

It has long been provided by statute that the magistrate who issues a search warrant may hear and determine any contest concerning its validity or the grounds upon which it was issued. T.C.A. § 40–514. Necessarily, this requires the magistrate to review his own judicial act in issuing the warrant, and it may involve his reconsidering evidence heard at the ex parte hearing. It has not previously been considered, however, that T.C.A. § 40–514 was itself unconstitutional, or that the issuing magistrate was constitutionally disqualified from performing the duties expressly required of him thereunder.

In the recent case of *State v. Little*, 560 S.W.2d 403 (Tenn.1978), this Court reaffirmed the principle that the issuing official may pass upon motions to suppress or other questions concerning the validity of the warrant. It was held in that case that the enactment of T.C.A. § 40–519 in 1965 also permitted such questions to be presented at the trial of the case, resulting in an abrogation of the previous rule that only the issuing magistrate could pass upon the validity of the search warrant.

Petitioners rely principally upon *Hamilton v. State*, 218 Tenn. 317, 403 S.W.2d 302 (1966). In our opinion there is nothing in that case disqualifying the issuing official, as a matter of constitutional law, from subsequently passing upon the validity of a search warrant. In that case an arrest warrant had been issued by a general sessions judge. Subsequently, he was elevated

to the criminal court and presided at the trial of the person arrested under the warrant. It was held that the judge could not preside over the trial of the case because of his previous connection with it in a lower court, in contravention of Article 6, § 11 of the state constitution. That article provides:

"No judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by affinity of consanguinity, within such degrees as may be prescribed by law, or in which he may have been of counsel, or in which he may have presided in any inferior Court, except by consent of all the parties."

The latter clause, pertaining to presiding in an inferior court, was italicized in the opinion in the *Hamilton* case, and it was noted that T.C.A. § 17–201 contained a similar statutory disqualification.

In the *Hamilton* case, reliance was placed upon *Wilson v. State,* 153 Tenn. 206, 281 S.W. 151 (1925), which had held that an attorney general who had signed an indictment and prosecuted in a previous trial of the same case could not thereafter sit as judge upon the retrial. The *Wilson* case, however, was expressly overruled in *State ex rel. Roberts v. Henderson,* 223 Tenn. 115, 442 S.W.2d 629 (1969), insofar as it held that there could be no waiver of the constitutional disqualification.

In the *Henderson* case, the Court summarized the holding in *Wilson,* and noted its broad language concerning the policy of the law prohibiting a disqualified judge from presiding in a criminal case even though the defendant has consented. The Court then commented upon the *Hamilton* case:

"In *Hamilton,* in spite of this broad statement, we were not content to rest our decision thereon, but in final analysis rested it on the fact that there was no clear evidence of waiver or consent, and on the possibility that under the record the waiver had been by state appointed counsel *and so was state action, not the action of the defendant himself.*" 442 S.W.2d at 631.

In our opinion a trial judge who initially issues a search warrant is not thereafter so interested in the cause as to be disqualified under Article 6, § 11. The term "interest" has generally been construed to mean either a direct pecuniary or property interest, or one involving some individual right in the subject matter of the litigation. *See Chumbley v. People's Bank & Trust Co.,* 165 Tenn. 655, 57 S.W.2d 787 (1933).

It has been expressly held that a circuit judge was not disqualified from presiding at the trial of a criminal defendant for assault with intent to commit murder on the defendant's wife, because of the fact that the judge had previously presided at a divorce case wherein the wife was granted a divorce from the defendant upon the same facts. *King v. State,* 216 Tenn. 215, 391 S.W.2d 637 (1965).

It frequently happens in the course of litigation that a trial judge is required to review his own judicial determinations, particularly in post-trial proceedings, both civil and criminal. In our opinion, nothing in Article 6, § 11 or in any related policy of the law precludes his doing so.

The fact that the issuing officer is required to review the evidence upon which a search warrant was issued does not, in our opinion, conflict with the requirement of a neutral and detached magistrate issuing the warrant in the first place. The warrant is frequently issued upon an ex parte hearing. At that point in the proceedings the magistrate must be neutral and detached in evaluating such evidence as has been presented to him. As previously stated, however, at least since 1858 it has been provided by statute that the magistrate not only may, but "must," proceed to hear testimony if the grounds on which the warrant was issued are controverted. T.C.A. § 40–514. Such a hearing usually would not occur until after a warrant had been issued, executed and returned to the issuing official. T.C.A. § 40–507. The statutes provide that if upon such a hearing it appears that the

wrong property was seized "or that there is no probable cause *for believing the existence of the ground on which the warrant issued,*" any property seized is to be restored to the person from whom it was taken. T.C.A. § 40–515 (Emphasis added).

In our opinion the Criminal judge who issued the warrant in this case has not been shown to be disqualified from presiding over the suppression hearing or any subsequent proceedings involving the property or the accused persons.

The petition for certiorari is denied at the cost of petitioners.

BROCK, C. J., and COOPER, J., concur.

FONES and HENRY, JJ., dissent.

FONES, Justice, dissenting.

I respectfully dissent.

I agree with the legal principle in the majority opinion and the legal conclusions that the trial judge in this case is not "disqualified" under the constitution or statutes of this state, from presiding over the suppression hearing or subsequent proceedings. Nevertheless, to better serve the appearances of justice in criminal cases, I believe this Court should adopt a judicial rule requiring a judge to recuse himself under circumstances similar to those presented in this case.

In *Hamilton v. State,* 218 Tenn. 317, 403 S.W.2d 302 (1966), the judge who presided at the trial had issued a warrant for the defendant's arrest, after an *ex parte* hearing, when he was serving as a General Sessions Judge. The Tennessee Constitution requires disqualification in any case, "in which he may have presided in any inferior court, except by consent of all the parties."

The *Hamilton* court did not grapple with the question of whether an *ex parte* hearing to determine probable cause to issue an arrest warrant was, in the constitutional sense, equivalent to presiding in an inferior court, but rather based its holding that Judge Faquin should not have presided as trial judge on the rationale that there is,

"[T]he possibility that prior knowledge of the facts could in some way influence a criminal judge generally, in exercising his discretion—for example, in whether or not to grant a new trial—is one of the reasons for which we think this constitutional provision exists." 218 Tenn. at 321, 403 S.W.2d at 303.

We recently observed that both arrest and search warrants involve a judicial determination of the issue of probable cause by a neutral and detached magistrate who must judge for himself the persuasiveness of the facts relied upon. *In re Dender,* 571 S.W.2d 491 (Tenn.1978). Upon the subsequent filing of a motion to suppress the search warrant, the trial judge may be called upon to rule on the validity of his own judicial determination theretofore made on evidence heard at the *ex parte* hearing, and the possibility arises that prior knowledge of the facts could in some way influence his disposition of that motion— and rulings upon subsequent proceedings. Thus, in principle the facts here are indistinguishable from those in *Hamilton.* Whether the judge who is to preside at the criminal trial was, at the time he conducted a probable cause hearing and issued the arrest or the search warrant, a judge of an inferior court or a trial court is immaterial.

For the reasons stated above, I would grant the petition and direct the entry of an order granting defendants' motion of recusal.

Mr. Justice HENRY joins me in this dissent.