**George Bennie WOODSON, Jr., Appellant**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 31, 1980.

Permission to Appeal Denied by Supreme Court June 23, 1980.

Mark A. Rassas, Clarksville, for appellant.

William M. Leech, Jr., Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, John J. Hestle, Dist. Atty. Gen., Brandon Ingham, Asst. Dist. Atty. Gen., Clarksville, for appellee.

## OPINION

DAUGHTREY, Judge.

The appellant–petitioner, George Bennie Woodson, is a former Clarksville detective who was convicted in 1977 of offering to accept a bribe to fix a case then under investigation by the Clarksville Police Department. Woodson was sentenced to two to three years imprisonment, and following unsuccessful efforts to overturn his conviction on appeal, he petitioned the trial court to suspend his sentence and place him on probation.

The trial court denied a suspended sentence and Woodson appeals, claiming (1) that the trial judge had personal knowledge of disputed evidentiary facts and that he therefore erred in refusing to disqualify himself from hearing the petition for probation, (2) that incarceration in this case will constitute cruel and unusual punishment because Woodson's background in law enforcement will imperil his safety in a prison setting, and (3) that the trial judge abused his discretion in failing to grant Woodson a suspended sentence. We find no reversible error and we therefore affirm the judgment below.

The petitioner first claims that the trial judge, who also issued the arrest warrant against him, should have recused himself from hearing the petition for a suspended sentence, under the authority of Hamilton v. State, 218 Tenn. 317, 403 S.W.2d 302 (1966), and Article VI, Section 11 of the Tennessee Constitution. Without questioning the validity of Hamilton,* we think the fact that Woodson raised no objection to the judge's qualifications prior to trial, but instead went to trial on a plea of not guilty, makes the facts of this case more analogous to those in State ex rel. Roberts v. Henderson, 223 Tenn. 115, 442 S.W.2d 629 (1969), than to the situation in Hamilton. In Roberts the Supreme Court held that a "voluntary plea of guilty constitute[s] a waiver of disqualification and a consent for the regular judge to preside...." 442 S.W.2d at 632. Likewise, we hold in this case that the petitioner's failure to raise the issue prior to trial amounted to a waiver of his right to question the trial judge's qualifications to hear the case and that his implied consent for the trial judge to preside at trial extended to the hearing on his petition for probation. We therefore find no error in the trial judge's decision not to recuse himself at the post–trial hearing.

Nor do we agree with the petitioner's contention that his incarceration in this case would necessarily amount to cruel and unusual punishment. While there was some evidence of generalized threats by prison inmates against Woodson, there was no showing that he could not be adequately protected from harm if taken into custody by corrections officials. Thus the petitioner's reliance on Woodhous v. Virginia, 487 F.2d 889 (4th Cir. 1973), is misplaced. Cf. French v. State, 489 S.W.2d 57 (Tenn.Cr. App.1972).

The most serious question raised by this appeal concerns the trial court's decision to deny probation despite the defendant's previously unblemished record and convincing evidence that he would make a good candidate for rehabilitative probation. Our review of the record indicates that the trial judge denied probation on three grounds: first, on the fact that the jury had found

---

* The Hamilton case is of somewhat doubtful efficacy, in light of our Supreme Court's recen. opinion in Hawkins v. State, 586 S.W.2d 465 (Tenn.1979).

Woodson guilty; second, on the basis of deterrence; and third, on the circumstances and nature of the crime.

■ The first of these reasons, that "the jury has heard the case, twelve sat right there and they rendered a decision that was unanimous and they set the punishment ...," is a legally insufficient reason to deny probation. *Russell v. State*, 556 S.W.2d 92 (Tenn.Cr.App.1977). Moreover, deterrence, at least in the abstract, was not a valid basis for an order of denial in this particular case, under our Supreme Court's non-retroactivity ruling in *Boykins v. State*, 584 S.W.2d 194 (Tenn.1979).

We are thus left to determine whether the circumstances and nature of the offense in this particular case, without more, is a sufficient basis to support the denial of probation. After a careful review of the record and an equally careful consideration of the public policy embodied in the trial judge's determination, we conclude that his decision to deny probation cannot be overturned.

This court has previously held that the nature and circumstances of an offense, standing alone, is not a valid reason for denying probation although "crimes of violence against the person, or particularly heinous crimes might indeed be the controlling factor in a probation determination." *Mattino v. State*, 539 S.W.2d 824, 828 (Tenn.Cr.App.1976); see also *Powers v. State*, 577 S.W.2d 684 (Tenn.Cr.App.1979). Bribery is obviously not a crime of violence, nor is it an intrinsically "heinous" offense, that is, one which is "grossly wicked or reprehensible; abominable; odious; vile." *American Heritage Dictionary of the English Language* (1975). However, we conclude that when the proof shows that a law enforcement officer has been involved in the instigation of a bribe to fix a case under official investigation, these circumstances render the offense not only wicked and reprehensible, but grossly so.

In order better to grasp this point, one need only reflect upon the relative degree of evil involved when a criminal suspect offers a bribe to an officer, as compared to the palpably more reprehensible specter of a police officer offering to accept a bribe in return for fixing a case. As the trial judge in this case noted:

> I think the court is somewhat on trial itself when it has before it a person who has testified as [a law enforcement] officer, who has acted as an officer, who has had a respected and honorable position and then be brought up here for the very thing or similar thing, that is a crime that he has prosecuted others for....

■ The trial judge further noted that he did not believe the ends of justice would be served by the public's perception that because Woodson was a law enforcement officer he was receiving "favorable treatment" by being placed on probation, and the trial judge expressed his dedication to the principle that "[b]efore the Court everyone should be treated the same way." We share this deep respect for notions of equality and fair play. However, we also believe that public officials, and especially members of the criminal justice system, are called upon to act in accordance with an even higher standard than that applied to the average citizen. In the normal course of events, an applicant for suspended sentence has not, prior to committing a crime, taken an oath that he will commit no crime. On the other hand, a public official whose sworn duty is to uphold the law has taken just such an oath. Thus Woodson stands before the court as one who by committing a crime has violated his oath of office, and has thereby breached the public trust. We hold that the trial judge may weigh this factor in determining whether to grant or deny a suspended sentence when a public official is involved.

Given the foregoing considerations, it is our view that the petitioner has failed to show that the record "contains no substantial evidence to support the conclusion of the trial judge." *State v. Grear*, 568 S.W.2d 285, 286 (Tenn.1978). Under such circumstances, we are unable to say that the trial judge abused his discretion in denying probation.

The judgment of the trial court is affirmed.

BYERS and SCOTT, JJ., concur.

## OPINION ON PETITION TO REHEAR

The appellant has filed a respectful petition to rehear, touching on several aspects of our opinion in this case. However, only one of the matters raised in the petition can arguably be characterized as not having been fully treated in the original opinion, and that is the appellant's insistence that our "holding [him] to a different standard due to his status [as a law enforcement officer] is in violation of the Eighth and Fourteenth Amendments to the United States Constitution," based on *Powell v. Texas*, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), and *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962).

In our original opinion, we noted that the offense of bribery was not intrinsically "heinous" under the holding of *Mattino v. State*, 539 S.W.2d 824 (Tenn.Cr.App.1976). We held, however, that the circumstances of this case, involving bribery by a law enforcement officer in a case then under official investigation, were sufficient to make the offense "heinous" within the meaning of *Mattino*, and thus sufficient to support the trial court's denial of probation. In reaching this conclusion, we determined that in committing the crime for which he was convicted, the appellant "violated his oath of office, and ... thereby breached the public trust," a factor which the trial judge could weigh in ruling on the probation petition of a public official.

■ It is true that this holding applies a rather strict standard to the appellant, precisely because he was a law enforcement official at the time of the offense. But it does so in the context of the probation setting. Thus this case is not controlled by the decision in *Robinson v. California, supra*, in which the United States Supreme Court held that a state statute making it a criminal offense for a person to be addicted to the use of narcotics violates the Eighth Amendment's prohibition against cruel and unusual punishment, because it criminalizes a "status" and penalizes the accused for being subject to "an illness which may be contracted innocently or involuntarily." 370 U.S. at 666–67, 82 S.Ct. at 1420. Here it is not the appellant's status as an officer of the law which gave rise to his conviction,* but his action in soliciting a bribe. Nor was his conduct "innocent" or "involuntary."

Moreover, we find the decision in *Powell v. Texas, supra*, equally inapplicable to the facts before us. There a plurality of the Supreme Court refused to reverse a conviction for public drunkenness despite the argument that the relevant state statute punished the status of chronic alcoholism. The dissenters in *Powell* based their disagreement with the result on their conclusion that "criminal penalties [should] not be inflicted upon a person for being in a condition he is powerless to change." 392 U.S. at 567, 88 S.Ct. at 2171 (Fortas, J., dissenting). But even assuming the validity of the dissent in *Powell*, the appellant's status in this case cannot be said to constitute a condition of that sort.

We repeat: the status of a public official "whose sworn duty is to uphold the law" may properly be considered in determining whether that public official should be given a suspended sentence for a crime committed in the course of his or her official duties. We conclude that such a consideration in the denial of probation does not violate the Eighth and Fourteenth Amendments. We therefore find no grounds to reopen this appeal or to disturb our original opinion.

The petition for a rehearing is denied.

---

* But see T.C.A. Title 39, Chapter 32, prohibiting "official misconduct, negligence and misconduct." Under these statutes, one's status as a public official is an essential element of the crime. Our research fails to indicate that any of these offenses have been successfully attacked on the basis of the *Robinson* opinion.