IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 16, 2016

## SHEDDRICK HARRIS v. RANDY LEE, WARDEN and STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. CC-16-CR-80    Stacy L. Street, Judge**

---

**No. E2016-01573-CCA-R3-HC – Filed December 9, 2016**

---

The Petitioner, Sheddrick Harris, appeals the Johnson County Criminal Court's summary dismissal of his petition for a writ of habeas corpus from his 2010 first degree murder and especially aggravated robbery convictions and his effective sentence of life without the possibility of parole plus sixty years. The Petitioner contends that the habeas corpus court erred by denying relief because the trial court judge was without jurisdiction to preside over his trial after signing the search warrant executed by the police. We affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and TIMOTHY L. EASTER, JJ., joined.

Sheddrick Harris, Mountain City, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; and Anthony Clark, District Attorney General, for the appellee, State of Tennessee.

## OPINION

A Shelby County Grand Jury indicted the Petitioner for first degree felony murder, especially aggravated robbery, and employing a firearm during the commission of a dangerous felony as a result of "an ill-fated drug deal turned robbery" during which the victim died as the result of a single gunshot wound to the chest. *See State v. Sheddrick Harris*, No. W2010-02515-CCA-R3-CD, 2012 WL 29203, at *1 (Tenn. Crim. App. Jan. 5, 2012), *perm. app. denied* (Tenn. May 16, 2012). The Petitioner was convicted by a jury of first degree murder and subsequently pleaded guilty to especially aggravated robbery. Ultimately, he received consecutive sentences of life without the possibility of

parole for first degree murder and sixty years for especially aggravated robbery. The firearm-related charge was dismissed. On appeal, this court affirmed the Petitioner's convictions. *Id*. at *13. We note that the Petitioner sought post-conviction relief, alleging the ineffective assistance of counsel and challenging the constitutionality of his arrest, that the post-conviction court denied relief, and that the appeal is currently pending before this court. *See Sheddrick Harris v. State*, No. W2016-00904-CCA-R3-PC (Tenn. Crim. App. 2016) (appeal docketed).

On May 20, 2016, the Petitioner filed the instant petition for habeas corpus relief, stating the following:

> On May 21, 2008, Judge Chris Craft, signed a search warrant and affidavit concerning the petitioner's convictions. On August 13, 2010, Judge Chris Craft presided over the petitioner's trial at which petitioner [was] found guilty by a jury of Shelby County Tennessee of First Degree Murder and Especially aggravated robbery.

The Petitioner argued that the trial court judge's signing the search warrant and presiding over the Petitioner's trial deprived the trial court of jurisdiction. In support of his argument, the Petitioner relied upon Tennessee Code Annotated section 17-2-101 and *Hamilton v. State*, 403 S.W.2d 302 (Tenn. 1966). The Petitioner attached to his petition a portion of the transcript from the motion for a new trial hearing. The transcript reflects that the trial court judge acknowledged ruling upon the validity of the search warrant and issuing the warrant. The judge stated,

> At one point before Mr. Harris had set his case for trial, or as soon as he set it for trial[,] I voir dired him on the stand. He sat here next to me and said that he didn't think it was fair that I sit on a case where I had ruled on the search warrant.
>
> That was the first time that I had ever been aware that at some point, apparently, and I've not even seen the search warrant. But, at some point, in this case someone brought a search warrant to me and I allowed the search of an automobile.
>
> I still have not seen the search warrant. I don't know that that is true, but if Mr. Harris said it was true, it might have been true. And I told him at the time that if he wished a *Franks*[1] hearing, which is a procedure by which the search warrant is collaterally attacked, not on the four corners of

---

[1] *See Franks v. Delaware*, 438 U.S. 154 (1978).

-2-

the instrument, . . . but in Federal Law showing that the person who issued the warrant, committed perjury, or lied on the affidavit

The remainder of the sentence and the trial court judge's remarks at the motion hearing is not attached to the habeas corpus petition.

The State filed a motion to dismiss the habeas corpus petition on the basis that although the trial court judge who signed the search warrant also presided over the Petitioner's trial, the judge did not issue the search warrant as a judge from an inferior court. The habeas corpus court granted the motion to dismiss, concluding that the Petitioner's contention was without merit. This appeal followed.

The Petitioner contends that the habeas corpus court erred by denying relief because the trial court judge was without jurisdiction to issue a warrant in the Petitioner's case and to preside over the trial. The State responds that because the trial court judge issued the search warrant and presided over the trial as a criminal court judge, the trial court was not deprived of jurisdiction.

Habeas corpus relief is generally available to "[a]ny person imprisoned or restrained of liberty" whose judgment is void or whose sentence has expired. T.C.A. § 29-21-101 (2012); *see Tucker v. Morrow*, 335 S.W.3d 116, 119-20 (Tenn. Crim. App. 2009). A petitioner has the burden of proving by a preponderance of the evidence that a judgment is void or that a sentence has expired. *State v. Davenport*, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void judgment exists if it appears from the face of the judgment or the record that the convicting court lacked jurisdiction or authority to sentence the defendant or that the defendant's sentence has expired. *Archer v. State*, 851 S.W.2d 157, 161 (Tenn. 1993); *see Moody v. State*, 160 S.W.3d 512, 515 (Tenn. 2005). In contrast, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *see State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000).

Post-conviction relief, not habeas corpus relief, is the appropriate avenue of relief for certain voidable judgments. T.C.A. § 40-30-103 (2012); *see Vaughn v. State*, 202 S.W.3d 106, 115 (Tenn. 2006). A habeas corpus court may dismiss a petition for relief without an evidentiary hearing or the appointment of counsel when the petition fails to state a cognizable claim. *Yates v. Parker*, 371 S.W.3d 152, 155 (Tenn. Crim. App. 2012); *see* T.C.A. § 29-21-109 (2012). The question of whether habeas corpus relief should be granted is a question of law, and this court will review the matter de novo without a presumption of correctness. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

The Petitioner substantially relies upon *State v. Hamilton*, 403 S.W.2d 302 (Tenn. 1996), to support his claim that the trial court was deprived of jurisdiction, but we conclude that his reliance is misplaced. In *Hamilton*, the defendant sought appellate relief on the basis that the criminal court judge who presided over the defendant's trial had also issued the arrest warrant in his capacity as a general sessions court judge. *Id*. at 302. Our supreme court concluded that the defendant's constitutional rights were violated by the judge's signing the arrest warrant in his capacity as a general sessions court judge and by the same judge's presiding over the defendant's trial in his capacity as a criminal court judge. *Id*.; *see* Tenn. Const. art. 6, § 11 ("No Judge of the Supreme or Inferior Courts shall preside on the trial of any cause . . . In which he may have presided in any inferior Court, except by consent of all the parties."); T.C.A. § 17-2-101(4) (2009) ("No judge . . . shall be competent, except by consent of all parties, to sit . . . where the judge . . . has presided on the trial in an inferior court[.]"); *see also Hawkins v. State*, 586 S.W.2d 465, 465 (Tenn. 1979).

We note that the court in *Hamilton* reversed the defendant's conviction and remanded the case for a new trial because a constitutional violation occurred, not because the trial court was deprived of jurisdiction, and judgment was therefore void. *Hamilton*, 403 S.W.2d at 302. In fact, the court stated it dismissed the habeas corpus appeal that had also been filed in light of the conclusion reached in the appeal of the conviction. *Id*. As a result, the constitutional violation at issue in *Hamilton* is cognizable in post-conviction proceedings, not habeas corpus proceedings. This court has recognized that challenges to convictions based upon constitutional violations in the conviction proceedings are issues that should be raised in a petition for post-conviction relief rather in than a habeas corpus petition. *See Luttrell v. State*, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982); *see also Fredrick B. Zonge v. State*, No. 03C01-9903-CR-00094, 1999 WL 1191542, at *1 (Tenn. Crim. App. Dec. 16, 1999) (stating "[a]lleged violations of constitutional rights are addressed in post-conviction, not habeas corpus, proceedings"), *perm. app. denied* (Tenn. June 26, 2000). The Petitioner filed his petition for post-conviction relief, and he has appealed the denial of relief. *See* T.C.A. § 40-30-102(c) (2012) (The Post-Conviction Procedure Act "contemplates the filing of only one (1) petition for post-conviction relief. In no event, may more than one (1) petition for post-conviction relief be filed attacking a single judgment.").

Regardless of whether the Petitioner's allegation in the instant case is cognizable for habeas corpus relief, the record reflects that the judge who signed the search warrant and who presided over the trial acted, in both instances, pursuant to his authority as a criminal court judge. Nothing prohibits a criminal court judge from issuing a search warrant relative to an individual's property and later presiding over the individual's criminal trial. The search warrant attached to the petition for a writ of habeas corpus reflects that it was issued on May 21, 2008, by Criminal Court Judge Chris Craft. The

record also reflects that the same judge, in his capacity as a criminal court judge, presided over the Petitioner's trial.  We conclude that the habeas corpus court did not err by summarily dismissing the petition and denying relief.  The Defendant is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the habeas corpus court.


_____
ROBERT H. MONTGOMERY, JR., JUDGE