W. W. CHUMBLEY *et al.*, COMPLAINANTS, APPELLANTS, *v.* PEOPLES BANK & TRUST COMPANY, DEFENDANT, APPELLEE.

*(Nashville,* December Term, 1932.)

Opinion filed March 18, 1933.

J. J. FINLEY and J. A. CHUMBLEY, for complainants, appellants.

ROBERT L. KEELE, for defendant, appellee.

WM. L. FRIERSON, CHAS. N. BURCH and CHARLES C. TRABUE, *Amici Curiae.*

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed December 7, 1931, to enjoin the sale of land advertised under a deed of trust from complainants to A. F. Vincent, Trustee, made to secure a debt to the Peoples Bank & Trust Company of Manchester. The defendants answered the bill and both parties filed depositions.

When the cause came on for hearing at the May Term, 1932, complainants moved to continue to enable them to introduce rebuttal proof. The chancellor refused to continue the cause until the regular term, but allowed complainants twenty days within which to take the depositions of their witnesses in rebuttal, and ordered that the cause be set down for hearing at chambers upon five days' notice given after expiration of the twenty days allowed to obtain the rebuttal proof. Pursuant to that order the cause was heard at chambers and a final decree entered from which complainants appealed. They insist that the chancellor illegally set the cause for hearing at chambers because the Code provision under which the order was made, as well as the Code of 1932 containing the section that empowered chancellors to set causes for hearing at chambers, is unconstitutional. Prior to the adoption of the Code of 1932 a final hearing could be had at chambers only when the parties or their solicitors consented. To this the Code of 1932, section 10500, added the words "or when the court provides for it by order."

The appeal involves a constitutional question and

comes to this court. The complainants have presented their petition raising the preliminary question of whether or not the Justices of the Supreme Court are qualified to hear and determine the rights of the parties. It is said by the complainants that all the members of the court are disqualified because of counsel in making the Code and because interested in the result of the cause which is dependent, complainants say, upon the constitutionality of the Code enacted by the General Assembly of 1931.

To support their contention, complainants refer to: (1) Chapter 48, Acts of 1929, which imposed the duty upon the Justices of the Supreme Court of appointing the members of the Code Commission. (2) The preface of the Code which recites that the court performed that duty by appointing Samuel C. Williams, Robert T. Shannon, and George Harsh. (3) Senate Resolution No. 3 calling a joint session of the General Assembly to meet January 20, 1931, at eight o'clock P. M., for the purpose of hearing from the Code Commission, the Supreme Court, and the Bar Association of Tennessee, their program and recommendation as to the adoption of an official Code of laws for the State of Tennessee. (4) House Journal of January 20, 1931, containing a statement that Chief Justice GREEN was among the speakers introduced to the joint session of the General Assembly.

The record being silent as to what Chief Justice GREEN said, we deem it appropriate to add that he, without more, commended the members of the Commission for their industry, complimented them as men of ability and integrity, and expressed regret over the illness of Mr. Shannon; and it is proper to add further that no member of the court was concerned in the enactment of the law creating the Code Commission and none of the members interested themselves in what should be in-

cluded or omitted in the codification of laws or in the enactment of the Code.

It is said by complainants that the facts recited from the records referred to disqualify the court, and its members are asked to declare their disqualification so that special justices may be appointed by the Governor to hear the case.

■ Every litigant is entitled to the cold neutrality of an impartial court and the members of this court approach the consideration of every case conscious of that truth and burdened with anxiety to give it application. Each member of the court is obliged to recognize and give force to Article VI, Section 11, of the Constitution, which provides: "No judge of the Supreme Court or any inferior court shall preside on the trial of any cause in the event of which he may be interested, or in which he may have been counsel." The object of this constitutional provision was to guard against the prejudgment of the rights of litigants and to avoid situations in which, because of interest, partiality or favor, the litigants might have cause to conclude that the court had reached a prejudged conclusion determinative of their personal or property rights.

The few cases involving the disqualification of judges are *Waterhouse* v. *Martin,* Peck, 373; *Harrison* v. *Wisdom,* 7 Heisk., 110; *Reams* v. *Kearns,* 5 Cold., 218; *In re Cameron,* 126 Tenn., 658.

■ The office of an attorney or counsellor and his relation to his client is such as to create a conclusive presumption that he has a pecuniary interest in the result of his client's cause. (*State* v. *Hocker,* 25 L. R. A., 115.) Therefore the constitutional disqualification upon that ground, the presumption in such case being that the interest of an attorney or counsellor continues even after

severance of the relation. 39 C. J., 1003; 15 R. C. L., 535.

In order to disqualify a judge on the ground of having been a counsel in a case, the relation of attorney and client must have at some time existed. That relation never at any time existed between any member of this court and either of the parties to this cause. Nor has any member of the court a disqualifying interest in the result of the cause. The interest which disqualifies a judge is a direct pecuniary or property interest, or one which involves some individual right in the subject-matter of the litigation, whereby a liability or pecuniary gain must occur on the event of suit. *Ex parte Alabama State Bar Association,* 12 L. R. A., 136; 33 C. J., p. 992, sec. 135, p. 994, sec. 137.

Interest in a public question merely as a citizen of the State or the member of a civic body is not the interest contemplated by the rule which complainants invoke. *Harrison* v. *Wisdom,* 7 Heisk., 112, 113; *Meyer* v. *San Diego,* 41 L. R. A., 765; 33 C. J., p. 995, sec. 140; 15 R. C. L., 537.

Having no interest in the result of the cause, the members of the court are not disqualified and it is their duty to so declare.