IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 4, 2009 Session

# SHAWN CUNNINGHAM, v. CITY OF CHATTANOOGA d/b/a CHATTANOOGA CITY COUNCIL

**Direct Appeal from the Chancery Court for Hamilton County**
**No. 07-0991      Hon. Howell N. Peoples, Chancellor, Part 2**

---

**No. E2008-02223-COA-R3-CV  - FILED SEPTEMBER 11, 2009**

---

The Chattanooga Police Department terminated petitioner's employment as a policeman for the City of Chattanooga. Petitioner appealed to the City Commission, whose hearing panel upheld his termination. He filed a Petition for Certiorari with the Chancery Court which was granted, and then filed a Motion for Summary Judgment which the Trial Court also granted inter alia on the grounds that the City Council employed unlawful procedures which violated petitioner's rights to a fair, impartial and unbiased appellate panel. We affirm the Judgment of the Trial Court and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court affirmed and remanded.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Kenneth O. Fritz, Chattanooga, Tennessee, for appellant, City of Chattanooga d/b/a Chattanooga City Council.

Jack Benson, Jr., Chattanooga, Tennessee, for appellee, Shawn Cunningham.

## OPINION

### Background

Petitioner/appellee, Shawn Cunningham, was relieved from duty with pay from his position as an officer for the Chattanooga Police Department on May 4, 2007. He was charged with improper procedure, neglect of duty and failure to comply with the law. A disciplinary hearing was

held and the charges were sustained by the Chief of Police and petitioner's employment with the Chattanooga Police Department was terminated .

Petitioner appealed the termination and a hearing was conducted before three City Council members of the respondent/appellant, the Chattanooga City Council. Council members were Debbie Gaines, Linda Bennett and Manuel Rico. The panel voted two to one to sustain the termination of petitioner's employment.[1]

Petitioner filed a Petition for a Writ of Certiorari in Chancery Court, and claimed that based on comments made at the hearing by Councilman Ricco that were extraneous to the issues before the council it was obvious that the Councilman had wrongly received *ex parte* communications regarding petitioner's performance as an officer. Petitioner claimed these actions were "contrary to his ethical duties as a hearing officer and were prejudicial to petitioner. Further, that the city council acted in violation of his constitutional and statutory rights and provisions; upon unlawful procedure and in excess of their statutory authority.

Subsequently, petitioner took the deposition of Councilman Manuel Ricco wherein the facts surrounding the City Council's review of the Police Department's termination of petitioner were explored. Based on Councilman Ricco's testimony, petitioner filed a motion for summary judgment, contending that Councilman Ricco made several admissions in his deposition that showed that his actions as an administrative hearing officer were made upon unlawful procedure, characterized by an abuse of discretion, and violated petitioner's constitutional rights to a fair, impartial and unbiased panel. Petitioner supported his motion with a statement of undisputed facts. The pertinent facts set forth are as follows:

1. Councilman Rico heard "things" about petitioner before the hearing but felt he could be fair to petitioner.

2. Councilman Rico could have stated that Shawn Cunningham was a "dirty cop" to other before the October 29, 2007 hearing.

3. Resolution No. 21194 of The City of Chattanooga Police Department prohibits ex-parte communications by members of the Chattanooga City Council and requires members who do receive ex-parte communications to follow certain procedures to make the communications and its source known.

4. Councilman Rico did not know he was to make the ex-parte communications known as required by Resolution No. 21194 and he did not do so.

5. Councilman Rico would have recused himself from the review panel had he

---

[1]Ms. Gaines voted against termination and Ms. Bennett and Mr. Rico voted to sustain the termination.

known of the requirements of Resolution No. 21194.

6. Councilman Rico admitted that he might have been biased against Mr. Cunningham because the councilman had worked with and trusted the administration of the Chattanooga Police Department.

7. Councilman Rico asked questions at the hearing about profiling and probable cause although he knew Mr. Cunningham's termination was not based on these issues. Resolution No. 21194 prohibits the Council members from asking questions on issues that were not raised by the parties.

8. Councilman Rico applied the wrong burden of proof even though he knew the burden of proof was otherwise.

Respondent, City of Chattanooga, disputed most of the material facts set forth by petitioner. Specifically, it disputed that Councilman Rico had 'heard things" about Mr. Cunningham before the hearing; that he had told others that Mr. Cunningham was a "dirty cop"; that he engaged in *ex parte* communications; that he was biased against Mr. Cunningham; that he asked questions at the hearing that were not consistent with Resolution No. 21194 and; that Councilman Ricco applied the wrong burden of proof.

Following a hearing on the motion for summary judgment, the Chancellor entered a Memorandum Opinion granting the motion and setting aside the action of the City Council that affirmed the termination of employment of petitioner, and remanded the case for a new hearing before a different panel of City Council members.

The Trial Court in its Memorandum noted that Resolution No. 21194, titled "A Resolution Adopting Administrative Regulations for Conduct of Employee Disciplinary Hearing, governs the conduct of the disciplinary hearing conducted in this case by the three city council member panel. Paragraph 10 of the Resolution provides that the initial burden of proof by a preponderance of the evidence is with the executive (city agency) on the issue of the cause of the disciplinary action. The burden then shifts to the employee to prove that the punishment is disproportionate to the offense. Council members may ask the witnesses questions to clarify their testimony, but shall not inquire into matters not presented by either party. The Court then noted that paragraph 6 of the Resolution prohibits *ex parte* communications to or by the members of the City Council regarding issues in the proceeding while the proceeding is pending without notice and opportunity for all parties to participate in the communications. If any member of the Council should receive an *ex parte* communication, the member must place in writing that communication in the record.

The Trial Court observed that the petitioner claimed that the unlawful procedures followed by the City Council violated his rights to a fair, impartial and unbiased panel. The Court said that "It is axiomatic that due process requires the opportunity of the party charged to be heard

at a meaningful time and in a meaningful manner, before an impartial tribunal." *Cooper v. Williamson County Bd. of Educ.*, 803 S.W. 2d 200, 202 (Tenn. 1990), citing *Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Assoc.,* 426 U.S. 319, 333, 96 S.Ct. 893, 901- 02, 47 L.Ed2d 18 (1976); *Withrow v. Larkin,* 421 U. S. 35, 46, 95 S.Ct. 1456, 1463 - 64, 43 L. Ed. 712 (1975). The Trial Court stated that under Tennessee law, there is a rebuttable presumption that public officials perform their duty with honesty and integrity, and in the manner prescribed by law, and the party claiming bias has the burden of proof. *Cooper,* 803 S. W.2d at 127; *Williams v. American Plan Corp.* 216 Tenn. 435, 441, 392 S.W.2d at 920, 923; *Jackson v. Aldridge,* 6 S.W.3d 501, 503 (Tenn. Ct. App. 1999); *Martin v. Sizemore,* 78 S.W. 3d 249, 266 (Tenn. Ct. App. 2001).

Trial Court then reached the following conclusions:

1. The trial court found that Councilman Rico admitted in this deposition that he presumed the allegations of the administration were true and placed the burden of proving innocence on the petitioner. This action by the Councilman was contrary to the burden of proof set out in Resolution No. 21194.

2. Councilman Rico received *ex parte* communications concerning the hearing and he failed to put the communication in writing in the record. These actions violated Resolution No. 21194.

3. Councilman Rico asked questions at the hearing about matters that had not been presented by either party. Resolution No. 21194.

The Trial Court, relied on *Cauthern v. City of White Bluff*, No. M1198-00991-COA-R3-CV, 2002 WL 1389583 (Tenn. Ct. App. Jun. 27, 2002), and noted the divergent roles council members are required to fill as follows:

The procedures adopted by a legislative body for the conduct of its business and its decisions regarding a particular legislative issue are not subject to the same standard of review routinely used to review the fairness of judicial or administrative proceedings. In judicial and administrative proceedings, the litigants are entitled to the cold neutrality of an impartial tribunal. *Davis v. Liberty Mut. Ins. Co.,* 38 S.W.3d 560, 564 (Tenn.2001) (judicial tribunal); *Martin v. Sizemore,* No. M1997-00203-COA-R3-CV, 2001 WL 950190, at \*6 (Tenn.Ct.App. Aug.22, 2001) (No Tenn. R.App. P. 11 application filed) (administrative tribunal); *Kinnard v. Kinnard,* 986 S.W.2d 220, 227 (Tenn.Ct.App.1998) (judicial tribunal). Thus, judges and members of administrative tribunals must step aside when their impartiality might reasonably be questioned. *Chumbley v. People's Bank & Trust Co.,* 165 Tenn. 655, 659, 57 S.W.2d 787, 788 (1933) (judges); *Tennessee Cable Television Ass'n v. Tennessee Public Serv. Comm'n,* 844 S.W.2d 151, 164-65 (Tenn.Ct.App.1992).

The same cannot be said for the legislative arena. Persons seeking essentially legislative decisions from legislative bodies are not entitled to the same degree of impartiality. Members of legislative bodies are not acting like judges when they consider a proposed change in an existing zoning ordinance. As this court has pointed out:

Legislators, however, do what legislators do; they listen to their constituents; they test the wind; they try to please as many people as possible, consistent with the constitution and good conscience. And they are not to be condemned for doing so. That is their job. *Day v. City of Decherd,* 1998 WL 684533 at *3.

*Cauthern* at * 2 -3.

The Trial Court then concluded that Councilman Rico, in his role as a member of the reviewing panel, did not abide by the rules that apply to judges and that his actions precluded the petitioner from receiving a hearing based upon lawful procedures. Further, because a change in Councilman Rico's vote would have led to a different result of the appeal, the Court ruled that Mr Cunningham had met his burden of proving a violation of his right to a fair and impartial hearing.

On appeal, the issues raised by the City of Chattanooga are:

A.    Whether it was reversible error for the Trial Court to find that the Chattanooga City Council engaged in *ex parte* communications?

B.    Whether it was reversible error for the Trial Court to hold that petitioner was not given a fair and impartial hearing when the Chattanooga City Council engaged in *ex parte* communications and asked questions during deliberations outside the scope of the hearing and applied a burden of proof he created?

C.    Whether the Trial Court exceeded its jurisdiction ?

Procedurally, we do not review this appeal using the standards of review normally associated with common-law writs of certiorari because the issues before us are based upon a summary judgment. *See, Jeffries v. Tennessee Dept. of Correction*, 108 S. W. 3d 862, 868 (Tenn. Ct. App. 2002).

The Court reviews a summary judgment motion *de novo* as a question of law without any presumption of correctness. *Finister v. Humboldt General Hosp., Inc.*, 970 S.W. 2d 435, 437 (Tenn. 1998). The evidence and all reasonable inferences are viewed in the light most favorable to the nonmoving party. *Byrd v. Hall,* 847 S.W. 2d 208-210 (Tenn. 1993).

At the outset we note that the City of Chattanooga addressed at length in its brief the merits of the Police Department's termination of Mr. Cunningham's employment and the City Council's sustaining of the termination and even stated that the issue before the Trial Court was whether there was evidence to support the Council's decision to sustain the termination. On this record, the merits of the termination action were not before the Trial Court in its consideration of the Motion for Summary Judgment, and are not before this Court. The sole issue raised by the petitioner at the Trial Court was whether Councilman Ricco's actions as an administrative hearing officer were made upon unlawful procedure which violated petitioner's constitutional rights to a fair, impartial and unbiased panel. Thus, the question of whether the Department rightly or wrongly terminated Mr. Cunningham's employment or whether the Council erred when it sustained the Department's action is not under consideration on this appeal.

The parties agree that the conduct of City Council members sitting as hearing officers in appeals by employees of the City of Chattanooga is governed by Resolution No. 21194. The provisions in Paragraph 10 of the Resolution are important to the issues under consideration here:

> The parties shall be afforded the opportunity to make either written or oral opening arguments. **The Executive shall first go forward with his proof and shall bear the burden of proof by a preponderance of the evidence on the issue of cause for the disciplinary action** and compliance with Charter provisions relating to discipline based upon impermissible political or religious reasons. **The employee shall bear the burden of proving by a preponderance of the evidence that the punishment administered is proportionate to the offense** with due consideration given to the employee's prior disciplinary and performance record. Upon the conclusion of the Executive's proof, the employee shall have the opportunity to call witnesses and present proof. Following their direct examination of witnesses, they shall be cross-examined by the other party, and witness shall be subject to re-direct and re-cross. The City Council members may ask witnesses such questions as are necessary to clarify their testimony, **but shall not inquire into matters not presented by either party**.

(Emphasis supplied).

Councilman Rico admitted in his deposition that he put the burden of proof as to whether the termination was error on Mr. Cunningham. He clearly and unequivocally stated that "when a person comes in . . . at a hearing, what they have to do is prove to me that they're wrong . . . . I'm saying you [meaning the disciplined employee] prove to me that what their [the city's] allegations is wrong and I'll vote with you, but if you don't have enough proof to show me that they're wrong, well, then I have to go with those people because they work with you." Councilman Rico's testimony demonstrates that he put the initial burden of proof on the petitioner to prove his innocence instead of on the Police Department in violation of Paragraph 10. The Trial Court did not err when it held the evidence showed that Councilman Rico applied the wrong burden of proof and

violated the provisions of the Resolution.

The Trial Court also correctly held that Councilman Rico had violated the procedures set forth in Resolution 21194 when he raised questions at the hearing regarding racial profiling and whether the officer made stops without probable cause. These issues raised by the Councilman were never presented by either of the parties and, indeed, were entirely unrelated to any of the reporting infractions that were at issue in making the termination decision.

The evidence also showed that Councilman Rico admitted in his deposition that he approached his duty as a review hearing officer with unabashed bias. Mr. Rico stated that he knew and trusted the "good people" at the Police Department who made the termination decision and he admitted at the hearing that "maybe I'm biased because I have worked with these people" and "[i]t's just hard for me to go against the administration that I know and trust."

In support of the Trial Court's holding that unlawful procedures followed by the City Council violated Mr. Cunningham's constitutional rights to a fair, impartial and unbiased panel, the Trial Court correctly stated that it is axiomatic "that due process requires the opportunity of the party charged to be heard at a meaningful time and in a meaningful manner, before an impartial tribunal." The Trial Court further observed that under Tennessee law, there is a rebuttable presumption that public officials perform their duty with honesty and integrity, and in the manner prescribed by law, and the party claiming bias has the burden of proof. In this case, the petitioner rebutted the presumption accorded to the City Council.

The City of Chattanooga argues that the Trial Court did not have jurisdiction to receive new and additional evidence from the deposition testimony of Councilman Rico because the deposition was not part of the record from the hearing. This argument is contrary to the plain language of Tenn. Code Ann. § 4-5-322 (g). Under the statute the Trial Court had authority to allow and consider the deposition of Councilman Rico in addition to the record from the administrative hearing because the allegation made by petitioner was that irregularities in the procedure before the City Council prevented him from having a fair hearing.

Tenn. Code Ann. § 4-5-322(g)(1) and (3) provide the Trial Court with the authority to reverse the City Council's decision and to remand for consideration by another review panel because the evidence showed that petitioner was prejudiced by the Council's decision which was in violation of constitutional law and made upon unlawful procedure. The procedural provisions set forth in Resolution 21194 are designed to assure that a person in petitioner's position, appearing before the Chattanooga City Council has an opportunity to be heard at a meaningful time and in a meaningful manner, before an impartial tribunal. The facts relied upon by the Chancellor to remand for a new hearing before another panel are not in dispute, and the conclusions to be drawn from them permit a reasonable person to reach only one conclusion, that the petitioner's due process rights were

violated based on the bias of Councilman Rico and the Councilman's misapplication of the burden of proof and the line of questioning violated the procedures set forth in Resolution 21194. The Trial Court properly granted summary judgment in favor of petitioner on these grounds.

While the Trial Court also found Councilman Rico had received *ex parte* communications, it is not clear from Councilman Rico's deposition whether any such communications took place. His responses were vague and contradictory and its not possible to know when he heard any *ex parte* communications. His testimony is confusing, and since we are required to take the strongest legitimate view of the testimony against the motion, this ground is not appropriate for summary judgment. However, the other grounds are a proper basis for the grant of summary judgment and the cause will be remanded to the Council to conduct another hearing in accordance with the rules and statutes.

The cost of the appeal is assessed to the City of Chattanooga.

_____
HERSCHEL PICKENS FRANKS, P.J.