IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 13, 2019

**CATRICE THOMAS DYE v. WILLIE B. DYE, JR.**

**Appeal from the Chancery Court for Shelby County**
**No. CH-17-1693-3     JoeDae L. Jenkins, Chancellor**

_____

**No. W2019-02011-COA-T10B-CV**

_____

The issue in this Tennessee Supreme Court Rule 10B interlocutory appeal is whether the trial court erred in denying a mother's motion for recusal based upon alleged bias due to the court's prior employment of and actions by the guardian ad litem. We find no error in the trial court's ruling.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right;**
**Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and CARMA DENNIS MCGEE, JJ., joined.

Jeffrey Lucas Sanderson, Memphis, Tennessee, for the appellant, Catrice Thomas Dye.

Theresa H. Patterson, Memphis, Tennessee, for the appellee, Willie B. Dye.

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Catrice Thomas Dye ("Mother") and Willie B. Dye, Jr., ("Father") were divorced by final decree entered on June 10, 2019, pursuant to which the parties shared equal parenting time with their 16-year-old daughter, Wynter. On July 1, 2019, Mother filed a petition to alter or amend the judgment based upon new evidence and a motion for testimony of the minor child. In her motion, Mother alleged, in part, that Wynter had stated that the "testimony she gave in chambers was not representative of her feelings regarding visitation with her father," but instead was based upon "fear of what her father may do if she said she did not wish to live with him." Further, Mother asserted that Wynter desired to live "the majority of the time with her mother."

On September 13, 2019, the trial court entered a consent order appointing a guardian ad litem for the minor child, attorney Faith N. Sanford. In this order, the trial court described the role of the guardian ad litem and specified that the guardian ad litem "is not a Special Master, and should not submit a Report and Recommendations to the Court, but may file a Pre-Trial Brief/Memorandum as any attorney in any other case." The trial court further stated:

> The GAL must present the results of her investigation and the conclusions regarding the child's best interests in the same manner as any other lawyer presenting his or her case on behalf of the client by such things as calling, examining and cross examining witnesses, submitting and responding to other evidence in conformance with the Tennessee Rules of Evidence, and making oral and written arguments based on the evidence that has been or is expected to be presented.

After completing her investigation, the guardian ad litem delivered a report to the trial court on September 27, 2019. In her report, the guardian ad litem presented her argument concerning the best interest of the child. She analyzed the fifteen best interest factors set out at Tenn. Code Ann. § 36-6-106(a) and, in her concluding paragraph, stated that her "investigation found no reason for Wynter not to exercise equal parenting time with both her parents, except for Wynter and Mother's preference." The guardian ad litem ended with the following statement: "Based on these findings, the GAL recommends that Mother and Father continue to have equal visitation and both parents continue to be named as the Primary Residential Parent."

Mother filed a motion to strike the GAL report on September 30, 2019. She argued that, in accordance with Section 7 of Tennessee Supreme Court Rule 40A, the guardian ad litem was not to function as a special master and was not to prepare a report or a recommendation for the court or the parties. Rather, he or she must present the results of her investigation in the same manner as any attorney, by calling witnesses and presenting evidence before the court. Mother asserted that the GAL's report submitted to the trial court was "in direct conflict" with these requirements and should be stricken from the record.

On October 11, 2019, Mother filed a motion for the chancellor's recusal citing Article 1, § 17, and Article 6, § 11 of the Tennessee Constitution, Tenn. Code Ann. § 17-2-101, and Tennessee Supreme Court Rule 10B. As grounds for the motion, Mother stated the following:

> 1. That this Motion is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation.

- 2 -

2. That the Guardian ad Litem submitted a report in direct conflict with Tennessee Supreme Court Rule 40(a). The report was hand delivered to the Chancellor on September 27, 2019. Said correspondence affirming delivery date to the court is attached and marked "Exhibit 1" to this Motion.
3. That in a status conference on September 30, 2019, Chancellor Jenkins confirmed that he had read and reviewed the report of the Guardian ad Litem.
4. That until very recently, the Guardian ad litem was formerly a paid law clerk in Part III of the Chancery Court of Shelby County, Tennessee, under the direct supervision of Chancellor Jenkins.
5. That since the Chancellor has read and reviewed the report and seen the improper recommendation of the Guardian ad Litem, his former employee, he will be unable to render a fair [and] impartial ruling in this matter. Since this report has been delivered to the Court, the Court must now review this report in its totality to determine if the report is in direct conflict with Tennessee Supreme Court Rule 40(a). Upon said review, the well of the court will undeniably be poisoned, as the Chancellor must review every single provision of the report of the Guardian ad Litem to determine if, in fact, a recommendation forbidden by Tennessee Supreme Court Rule 40(a) was actually given in the report. Thus, this Court will be improperly prejudiced by the review of the report for the purpose of ruling on this Motion.
6. That this Court must recuse itself from these matters in accordance with Supreme Court Rule 10(b).

The motion was accompanied by a sworn affidavit. The guardian ad litem opposed Mother's motion to strike.

The trial court held a hearing on Mother's motion to recuse on October 18, 2019. After hearing arguments from Mother, Father, and the guardian ad litem, the trial court denied the motion. As will be discussed more fully below, the trial court entered an order detailing its reasons for denying the motion to recuse on the day of the hearing.

Mother is before this court on a petition for an accelerated interlocutory appeal of the trial court's denial of her motion to recuse.

STANDARD OF REVIEW

Section 2 of Tennessee Supreme Court Rule 10B governs appeals from a trial court's denial of a recusal motion. Our standard of review in appeals of motions to recuse is de novo. *Elseroad v. Cook*, 553 S.W.3d 460, 462 (Tenn. Ct. App. 2018); *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). Moreover, our review is limited to the recusal order. *Duke*, 398 S.W.3d at 668. The party seeking recusal bears the burden

of proving that the trial court erred in denying the motion to recuse. *Rich v. Rich*, No. M2018-00485-COA-T10B-CV, 2018 WL 1989619, at \*8 (Tenn. Ct. App. Apr. 27, 2018).

Based upon the petition for recusal appeal and supporting documents in this case, we have determined that it is appropriate to act summarily on this appeal. *See* TENN. SUP. CT. R. 10B, § 2.05.[1]

## ANALYSIS

On appeal, we must determine whether the trial court erred in denying Mother's motion for recusal. The trial court gave three reasons for its decision, and we will examine each of them.

### I. Affidavit.

The trial court stated that Mother "failed to provide an affidavit setting forth factual grounds with specificity to serve as a basis for the request for recusal." Tennessee Supreme Court Rule 10B, Section 1.01 provides, in pertinent part, that a motion seeking recusal shall satisfy the following requirements:

> The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

In its order, the trial court stated that Mother "has not fulfilled the requirements of the affidavit." In fact, Mother's motion included an affidavit that states as follows:

> I, Catrice Dye, do hereby make oath that the information in this foregoing Motion is true to the best of my knowledge, information, and belief, and is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or increase in cost of litigation.

---

[1] Section 2.05 of Tennessee Supreme Court Rule 10B provides:

> If the appellate court, based upon its review of the petition for recusal appeal and supporting documents, determines that no answer from the other parties is needed, the court may act summarily on the appeal. Otherwise, the appellate court shall order that an answer to the petition be filed by the other parties. The court, in its discretion, also may order further briefing by the parties within the time period set by the court.

This statement was sworn to before a notary public. Thus, contrary to the trial court's conclusion, Mother did include an affidavit.

The trial court also discussed Tenn. Code Ann. § 17-2-101, one of the bases cited by Mother for the motion for recusal, and stated that this statutory provision "sets out the ground[s] for determining the incompetency of Special Judges." Although Tenn. Code Ann. § 17-2-101 appears in a part of the Tennessee Code entitled "Special Judges," the language of the provision itself is not limited to special judges:

> No judge or chancellor shall be competent, except by consent of all parties, to sit in the following cases:
> (1) Where the judge or chancellor is interested in the event of any cause;
> (2) Where the judge or chancellor is connected with either party, by affinity or consanguinity, within the sixth degree, computing by the civil law;
> (3) Where the judge or chancellor has been of counsel in the cause;
> (4) Where the judge or chancellor has presided on the trial in an inferior court; or
> (5) In criminal cases for felony, where the person upon whom, or upon whose property, the felony has been committed, is connected with the judge or chancellor by affinity or consanguinity within the sixth degree, computing by the civil law.

Tenn. Code Ann. § 17-2-101. We interpret this provision to apply to all judges and to set out circumstances under which the appointment of a special judge might be necessary. *See Watson v. City of Jackson*, 448 S.W.3d 919, 929 (Tenn. Ct. App. 2014) (describing Tenn. Code Ann. § 17-2-101 as generally applicable to judges).

With respect to Tenn. Code Ann. § 17-2-101 and the Tennessee constitutional provisions, the trial court stated in its opinion that Mother failed to provide "by affidavit" facts to support her motion for recusal. Tennessee Supreme Court Rule 10B does not, however, require that all salient facts be provided by affidavit; rather, those facts must be set forth in a motion that is supported by an affidavit. We must, then, determine whether Mother's motion contains facts sufficient to support a claim for relief under Tenn. Code Ann. § 17-2-101, Article I, § 17, or Article VI, § 11 of the Tennessee Constitution.

The first four grounds listed in Tenn. Code Ann. § 17-2-101 apply in civil cases. Subsection (1) of Tenn. Code Ann. § 17-2-101 disqualifies a judge who "is interested in the event of any cause." In this context, "'the term 'interest' has generally been construed to mean either a direct pecuniary or property interest, or one involving some individual right in the subject matter of the litigation.'" *Malmquist v. Malmquist*, 415 S.W.3d 826, 840 (Tenn. Ct. App. 2011) (quoting *Hawkins v. State*, 586 S.W.2d 465, 466 (Tenn. 1979)). Mother's motion does not allege that the chancellor had a pecuniary or property interest or some other right in the subject matter of the present litigation.

- 5 -

Moreover, Mother does not assert in her motion facts to support Tenn. Code Ann. § 17-2-101(2) through (4) because she does not mention the chancellor's kinship to either party, a prior "of counsel" relationship to either party, or having presided over the trial. Thus, Mother's motion fails to state facts sufficient to support a claim under Tenn. Code Ann. § 17-2-101.

Article I, § 17 of the Tennessee Constitution, which is known as the Open Courts Clause, provides, in pertinent part: "That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or delay." The Open Courts Clause "'does not guaranty a remedy for every species of injury, but applies only to such injuries as constitute violations of established law of which the courts can properly take cognizance.'" *Fowler v. Morristown-Hamblen Hosp. Ass'n*, No. E2018-00782-COA-R3-CV, 2019 WL 2571081, at *4 (Tenn. Ct. App. June 24, 2019) (quoting *Harrison v. Schrader*, 569 S.W.2d 822, 827 (Tenn. 1978)). Mother's motion does not set forth any explanation as to how the facts of the present case give rise to a violation of Article I, § 17.

Article VI, § 11 of the Tennessee Constitution provides, in pertinent part:

> No Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested, or where either of the parties shall be connected with him by affinity or consanguinity, within such degrees as may be prescribed by law, or in which he may have been of counsel, or in which he may have presided in any inferior Court, except by consent of all the parties.

These are essentially the same grounds for disqualification discussed above with respect to Tenn. Code Ann. § 17-2-101. Thus, for the same reasons discussed above, Mother's motion fails to assert facts sufficient to make out a claim pursuant to Article VI, § 11 of the Tennessee Constitution.

II. Bias or partiality.

The next issue addressed by the trial court in its order denying the recusal motion is whether the court possessed any bias or partiality toward either party or the minor child. The Rules of Judicial Conduct provide, in pertinent part:

> (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:

- 6 -

(1) The judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

TENN. SUP. CT. R. 10, RJC 2.11.

In its order, the trial court stated that it conducted a "subjective analysis" and concluded that, apart from its knowledge based upon the present case, the court "is otherwise unfamiliar with the parties and determines there is no personal bias for or against either party, including the minor." The court further reasoned that, "[o]bjectively, the appointment of an attorney to serve as a guardian ad litem is usually not an indicia of bias against any party." According to the trial court, "Prior to the appointment, the guardian ad litem was unfamiliar with the parties and contained no bias either way." The trial court considered whether the fact that the guardian ad litem had previously worked as the court's law clerk constituted a basis "for citing personal bias or prejudice for or against either party on behalf of the Chancellor or the guardian ad litem" and concluded that it was not.

Mother included nothing in her motion for the chancellor's recusal or in her petition for accelerated interlocutory appeal alleging that the guardian ad litem had any connection with the underlying divorce in her role as the chancellor's law clerk. On appeal, Mother asserts that the case cited by the trial court, *In re Conservatorship of Patton*, No. M2012-01878-COA-10B-CV, 2012 WL 4086151 (Tenn. Ct. App. Sept. 17, 2012), is distinguishable on its facts. We disagree. In *In re Conservatorship of Patton*, this court reasoned as follows:

> Ms. Richmond also asserts that there is an appearance of impropriety because opposing counsel served as a law clerk for the trial judge a few years ago and views the trial judge as a mentor. Ms. Richmond does not, however, assert that opposing counsel had any contact with this case in his role as law clerk for the probate court or served as a clerk while this matter was pending. Thus, the assertion of an appearance of impropriety is solely based on the two factors above.
>
> We find these circumstances, without more, to be inadequate to establish an appearance of impropriety. Moreover, a judge is not required to recuse himself or herself from every case in which counsel of record is a former law clerk or is viewed as a mentor or friend by the law clerk.

*In re Conservatorship of Patton*, 2012 WL 4086151, at *3. In the present case, unlike in *In re Conservatorship of Patton*, the guardian ad litem did serve as a law clerk while the divorce was pending. Nevertheless, there is no evidence that the law clerk had any

involvement with the case. Therefore, we see no meaningful distinction between the two cases based upon the guardian ad litem's prior role as a law clerk.

### III. Guardian ad litem's report as source of bias.

The guardian ad litem's submission of a report to the trial court constitutes Mother's most robust argument for bias on the part of the trial court. In accordance with Tennessee Supreme Court Rule 40A, the trial court's order appointing the guardian ad litem specified that the guardian ad litem was not to submit a report and recommendation to the court and was to act as an attorney for the best interest of the minor child. TENN. SUP. CT. R. 40A, § 6. In apparent conflict with this order, the guardian ad litem submitted (but did not file) a report with the trial court containing her findings and recommendations. Yet, in its order, the trial court also stated that the guardian ad litem "may file a Pre-Trial Brief/Memorandum as any attorney in any other case." In its order, the trial court found that the guardian ad litem's "report," "notwithstanding its nomenclature, is a brief that advocates a position by the guardian ad litem on behalf of the best interest of the minor." The trial court "accept[ed] and view[ed] the document as such."

As Mother correctly points out, "the standard for recusal in Tennessee is whether 'a person of ordinary prudence in the judge's position, knowing all the facts known to the judge, would find a reasonable basis for questioning the judge's impartiality.'" *Malmquist*, 415 S.W.3d at 838-39 (quoting *Bean v. Bailey*, 280 S.W.3d 798, 805 (Tenn. 2009)). Mother asserts that, because the trial court reviewed the guardian ad litem's report/brief, the court "will be unable to render an impartial ruling in this matter" and that "the well of the court will undeniably be poisoned." This argument is without merit. Courts review the pretrial briefs of attorneys on a regular basis and are not prejudiced by reading their positions. As stated above, the fact that this attorney was once the trial court's law clerk has no bearing on the court's ability to remain impartial.

We find no error in the trial court's decision to deny Mother's motion to recuse.

CONCLUSION

The decision of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellant, Catrice Thomas Dye, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE